UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

United States of America,

        Plaintiff,

vs.                                                    R E P O R T     A N D
                                         RECOMMENDATION

Timothy Joseph Goodman,

        Defendant.                  Crim. No. 05-369 (DWF/RLE)

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Defendant to Dismiss, with prejudice, the Superseding Indictment.  A telephonic Hearing on the Motion was conducted on March 6, 2006,[1] at which time, the Defendant Timothy Joseph Goodman appeared by

---

[1]At the close of the Hearing, all parties requested leave to submit post-Hearing memoranda on the legal issues presented by the Defendant's Motion.  Leave was granted, and the last brief was received on March 15, 2006, at which time, the Motion was taken under advisement.  See, Title 18 U.S.C. §3161(h) (1)(F) and (J); Henderson v. United States, 476 U.S. 321, 330-32 (1986); United States v. Blankenship, 67 F.3d

(continued...)

Brian N. Toder, Esq., and the Government appeared by Clifford B. Wardlaw, Assistant United States Attorney.  For reasons which follow, we recommend that the Defendant's Motion be denied.

## II.  Factual and Procedural Background

The Defendant is charged in a Superseding Indictment with one Count of Illegal Possession of a Machine Gun, in violation of Title 26 U.S.C. §§5841, 5861(d),  and 5871; and one Count of Illegal Possession of a Short-Barreled Rifle, in violation of Title 26 U.S.C. §§5841, 5861(d),  and 5871.  The offenses are alleged to have occurred on or about September 28, 2005, in the State and District of Minnesota.  As pertinent to those charges, and to the Motion pending before us, the operative facts may be briefly summarized.[2]

---

[1](...continued)
673, 767-77 (8th Cir. 1995).  Furthermore, by Order dated March 23, 2006, we sought additional information, from the parties, as to the dates during which the Defendant was engaged in plea negotiations with the Government.  We received timely responses, from both parties, on March 27, 2006.

[2]Rule 12(e), Federal Rules of Criminal Procedure, provides that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record."   As augmented by our recitation of factual findings in our "Discussion," the essential factual findings, that are required by the Recommendations we make, are contained in this segment of our Opinion.  Of course, these factual findings are preliminary in nature, are confined solely to the Motions before the Court, (continued...)

- 2 -

On November 10, 2005, an initial Indictment was filed, under seal, which charged the Defendant with Illegal Possession of a Machine Gun, in violation of Title 26 U.S.C. §§5841, 5861(d), and 5871. The Defendant was arraigned on November 28, 2005, he filed his Pretrial Motions on December 9, 2005, and a Hearing on those Motions was held on December 14, 2005. We issued an Order resolving those Pretrial Motions later on that same date.

After the Motions Hearing on December 14, 2005, "defense counsel informed the government that defendant would plead guilty and asked that a plea agreement be prepared." Government's Response to Court's Request for Additional Information, Docket No. 48, at 1. On December 29, 2005, the Government transmitted a proposed plea agreement to the Defendant. Later that day, the Defendant wrote back to the Government, and agreed to the proposed plea agreement, provided that two (2) paragraphs were edited to the Defendant's satisfaction. On January 5, 2006, the Government sent a new draft of the plea agreement, which included the proposed edited paragraphs, and the Defendant agreed to the plea agreement. A change of plea

---

[2](...continued)
and are subject to such future modification as the subsequent devel-opment of the facts and law may require. See, United States v. Moore, 936 F.2d 287, 288-89 (6th Cir. 1991); United States v. Prieto-Villa, 910 F.2d 601, 610 (9th Cir. 1990).

Hearing was set to be heard before the District Court, the Honorable Donovan W. Frank presiding.   Defendant's Response to Court's Request for Additional Information, Docket No. 46, at 2.

On January 18, 2006, the Government voluntarily disclosed investigative materials, and Jencks Act statements.[3]  On January 19, 2006, the Defendant rejected the proposed plea agreement, and cancelled the change of plea Hearing.  Id.

On February 7, 2006, the Government filed a Superseding Indictment, and an Arraignment on the Superseding Indictment was conducted on February 16, 2006. The Defendant filed his Motion to Dismiss on March 3, 2006.  The Defendant's Trial is currently scheduled to begin on April 17, 2006.

## III.  Discussion

A.    Standard of Review.  "Under the Speedy Trial Act * * *, a federal criminal defendant must be brought to trial within seventy days of the filing of his indictment or his arraignment, whichever is later."  United States v. Yerkes, 345 F.3d

---

[3]The Defendant alleges that the Government withheld a "highly exculpatory document," which the Government "should have produced earlier," pursuant to our previous Order.   Defendant's Response to Court's Request for Additional Information; see also, Affidavit of Brian N. Toder, Docket No. 39, Ex. C. However, our review of the document does not reveal anything that, at least to our reading, is "highly exculpatory," or in violation of our previous Order.

558, 561 (8th Cir. 2003), citing Title 18 U.S.C. §3161(c)(1).  "To determine whether the right to a speedy trial has been violated, we count the days between arraignment and trial," excluding certain periods of time, as delineated by the statutory provisions of the Speedy Trial Act.  Id., citing Title 18 U.S.C. §§3161(d) and (h).  "After these days are excluded, if the total number of days exceeds seventy, then upon a defendant's motion, the district court must dismiss the indictment."  Id., citing Title 18 U.S.C. §3162(a)(2).  The defendant bears the burden of showing that the Speedy Trial Act was violated.  See, United States v. Cordova, 157 F.3d 587, 599 (8th Cir. 1998), citing Title 18 U.S.C. §3162(a)(2); see also, United States v. Neal, 27 F.3d 1035, 1042 (5th Cir. 1994), cert. denied, 513 U.S. 1179 (1995).

While a violation of the Speedy Trial Act requires mandatory dismissal, the decision as to whether the dismissal is with or without prejudice is left to the discretion of the Trial Court.  See, United States v. Cardona-Rivera, 64 F.3d 361, 363 (8th Cir. 1995), citing United States v. Taylor, 487 U.S. 326, 335 (1988).  The Speedy Trial Act does not specify any preference as to either outcome.  See, United States v. Koory, 20 F.3d 844, 846 (8th Cir. 1994), citing United States v. Hamell, 3 F.3d 1187, 1189 (8th Cir. 1993).

The decision concerning whether the dismissal is with or without prejudice is guided by the factors enumerated in Title 18 U.S.C. §3162(a)(2).  See, United States v. Becerra, 435 F.3d 931, 935 (8th Cir. 2006).  Among the factors to be considered are:  "(1) the seriousness of the offense; (2) the facts and circumstances of the dismissal, and (3) the impact of reprosecution on the administration of the Act and justice in general."  United States v. Koory, supra at 846, quoting United States v. Kramer, 827 F.2d 1174, 1176 (8th Cir. 1987), citing in turn, Title 18 U.S.C. §3162.  In addition to those factors, the Court "should consider the presence or absence of prejudice to the defendant resulting from the violation of the Act."  United States v. Becerra, supra at 935, citing United States v. Taylor, supra at 334.

B.     Legal Analysis.  Our analysis begins with a determination as to whether a violation of the Speedy Trial Act has occurred, and if so, whether the dismissal should be with, or without prejudice.  We address each of those issues in turn.

1.     Whether the Speedy Trial Act was Violated.

The Defendant was arraigned on November 28, 2005, and his Trial is currently scheduled to begin on April 17, 2006.  We begin counting the seventy-day period on November 28, 2005 -- that is, from the date of the Defendant's Arraignment. See, Title 18 U.S.C. §3161(c)(1); United States v. Yerkes, supra at 561. Eleven (11)

countable days accrued, from the date of the Arraignment to the filing of the Defendant's Pretrial Motions on December 9, 2005. See, United States v. Blankenship, 67 F.3d 673, 676 (8th Cir. 1995), citing United States v. Moses, 15 F.3d 774, 777 (8th Cir. 1994), cert. denied, 512 U.S. 1212 (1994).

The period between the filing of the Defendant's Pretrial Motions, and the Hearing on those Motions, is excluded under Title 18 U.S.C. §3161(h)(1)(F). See, United States v. Yerkes, supra at 562, citing United States v. Long, 900 F.2d 1270, 1274 (8th Cir. 1990). Accordingly, the time between December 9, 2005, and December 14, 2005, is not counted towards the seventy (70) day time limit. Our Order, which disposed of the Defendant's pretrial Motions, was issued on the same day as the Motions Hearing, and does not lead to any additional exclusion of time.

An additional fifty-five (55) days passed between the resolution of the Defendant's Pretrial Motions, and the filing of a Superseding Indictment on February 7, 2006. The period between the filing of the Superseding Indictment, and the subsequent Arraignment on February 16, 2006, is excludable from the Speedy Trial calculation. See, Title 18 U.S.C. §3161(h)(6); see also, United States v. Yerkes, supra at 561, citing United States v. Van Someren, 118 F.3d 1214, 1219 (8th Cir. 1997)

("[T]he time between the superseding indictment and rearraignment in the instant case was properly excluded by the district court.").

The Government contends that the full fifty-five (55) days, which followed the Motions Hearing, should not be counted towards the Speedy Trial Act, as "the defense attorney asked that a plea agreement be drafted as the case would settle," and that "[t]his period of approximately one month should be excluded from the speedy trial calculations." Government's Memorandum in Response to Defendant's Motion to Dismiss, Docket No. 42, at 1. In response, the Defendant argues that the referenced plea agreement was never before the Court, and therefore, that the exclusion contemplated by Title 18 U.S.C. §3161(h)(1)(I) is inapposite.

Our Court of Appeals has previously addressed the proper treatment of the time spent on plea negotiations, in the context of a Speedy Trial calculation, in United States v. Van Someren, supra. There, the period in which the parties were engaged in plea negotiations was found to be excludable, from the Speedy Trial count, as a "proceeding involving [a] defendant" under Section 3161(h)(1). Id. at 1218-19. However, in Van Someren, a finalized plea agreement had resulted from the negotiations, and that agreement was submitted to, but rejected by, the District Court. Id. at 1218.

- 8 -

In Van Someren, the Court  began its analysis by noting that the Court of Appeals for the Fifth Circuit had previously found that "the time spent in plea negotiations were [sic] not excludable from the speedy trial calculation." Id., citing United States v. Velasquez, 890 F.2d 717, 719 (5th Cir. 1989).  However, our Court of Appeals found Velasquez to be inapposite, given that a plea agreement had been submitted to the Court in Van Someren.  Id.  Despite that difference, the Court, in Van Someren, determined that the time spent on plea negotiations is not excluded from the Speedy Trial computation by Section 3161(h)(1)(I).[4]  Rather, the Court noted that other Courts had concluded that the period during which plea negotiations have

---

[4]Title 3161(h)(1)(I) provides, in part, as follows:

(h)The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--

*     *     *

(I) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government.

proceeded should not be counted for purposes of the Speedy Trial Act.  Id., citing United States v. Fields, 39 F.3d 439, 445 (3rd Cir. 1994)(noting that time spent on plea negotiations, in appropriate circumstances, is excludable from the Speedy Trial calculation); United States v. Montoya, 827 F.2d 143, 150 (7th Cir. 1987)("negotiating a plea bargain could be considered a proceeding other than trial, or preparation for trial, that qualifies for the exclusion"), citing in turn, United States v. Goodwin, 612 F.2d 1103, 1105 (8th Cir. 1980); United States v. Bowers, 834 F.2d 607 (6th Cir. 1987)(noting that the bargaining process encompassed in plea negotiations was a "delaying circumstance * * * that ought not to be charged to the government").

Notably, in those cited cases, a finalized plea agreement was never presented to a Court, and yet the time period, which encompassed those negotiations, was still found to be excludable from the Speedy Trial computation.  See, United Stated v. Montoya, supra at 150; see also, United States v. Leftenant, 341 F.3d 338, 345 (4th Cir. 2003)(finding that plea negotiations were excludable from the calculation period after a breakdown between the parties).

After consideration of the decisions of the other Circuits, our Court of Appeals, in Van Someren, concluded that "the time spent on plea negotiations is excludable," as that time period involves "a 'proceeding involving defendant' under §3161(h)(1)."

- 10 -

<u>United States v. Van Someren</u>, supra at 1218-19.   Accordingly, the absence of the District Court's involvement in the plea negotiations is not fatal to an exclusion of the plea negotiation period, since any time expended on plea negotiations is considered a "proceeding involving defendant" under Section 3161(h).[5]

---

[5]The Defendant contends that <u>United States v. Van Someren</u>, 118 F.3d 1214 (8th Cir. 1997), is inapposite as the Court's discussion of excluding the time involving the plea negotiations is "dicta," and "Someran [sic] is fatally distinguishable from the matter at bar, because in Someran [sic], 'a final plea agreement was submitted to, but rejected by, the court.'" <u>Defendant's Response to Court's Request for Additional Information</u>, at p. 3 and n. 2, quoting <u>United States v. Van Someren</u>, supra at 1218. We strongly disagree, for any responsible reading of <u>Van Someren</u> would reflect that the Court of Appeals gave alternative bases for excluding the time, during which the parties engaged in plea negotiations, from the Speedy Trial computation. Unlike the Defendant, we cannot accept that a significant portion of the Court's alternative reasoning is <u>dicta</u> simply because that reasoning does not advance the Defendant's argument. See, <u>United States v. Van Someren</u>, supra at 1219 (Court excludes the fourteen (14) days, from October 17, 1995, to November 1, 1995 -- before a finalized plea agreement was submitted to the District Court -- from the Speedy Trial clock.

Nor can we accept the Defendant's prediction of a "paralyzing chill through our criminal justice system" if the time spent on plea negotiations were excluded from the Speedy Trial calculation.   See, <u>Defendant's Response to Court's Request for Additional Information</u>, at p. 3.   We can accept, as the Defendant suggests, that "[d]efense counsel would have to be very careful of what they say to government counsel, lest they inadvertently compromise his or her client's rights under the Speedy Trial Act and the noble purposes it serves," but that does not counsel a different result than was reached in <u>Van Someren</u>.   Here, we do not have a simple broaching of some hypothetical interest in a plea -- we have a proposed plea agreement, and sufficient interest in that agreement that the District Court was contacted, by counsel, for the

(continued...)

Here, the time period, during which the parties were engaged in plea negotiations, either began on December 14, 2005, when the Defendant informed the Government that he was willing to plead guilty pursuant to a plea agreement, or on December 29, 2005, when the proposed plea agreement was actually sent to the Defendant by the Government.  In either instance, the excludable time period ended on January 19, 2005, when the Defendant rejected the plea agreement.  In <u>Van Someren</u>, the Court began counting the period of excludable time from the receipt of a letter detailing the terms of a proposed plea agreement.  See, <u>United States v. Van Someren</u>, supra at 1215, 1218-19.  However, that opinion does not mention whether the proposed plea agreement resulted from a request by the defendant, or was issued at the instance of the Government.  For our purposes, we need not determine whether

---

[5](...continued)

purpose of scheduling a change of plea Hearing.  Then, for whatever reason, the Defendant withdrew his self-expressed interest in a plea.  We might well query what would be the "paralyzing chill through our criminal justice system," if a defendant could actively negotiate a plea, through exchanged drafts of a plea agreement, and then, when the Speedy Trial clock might appear to be in jeopardy, simply abandon the plea negotiations, and move for a dismissal with prejudice.  We do not suggest any impropriety here, for there is none, we simply observe the apparent wisdom of the Court's holding in <u>Van Someren</u>.

the plea negotiations began on December 14, or 29, 2005, given the ultimate outcome of the calculations.

Here, even if we presume that the plea negotiations did not begin until the Government's submission of the proposed plea agreement to the Defendant, which occurred on December 29, 2005, and continued until the Defendant's rejection of that plea agreement on January 19, 2006, we find that, pursuant to Section 3161(h), at least twenty-two (22) days should be excluded from the Speedy Trial computation as a "proceeding involving defendant."  See, United States v. Van Someren, supra at 1218-19.   Accordingly, thirty-three (33) days are counted toward the Speedy Trial calculation, from the resolution of the Defendant's pretrial Motions to the filing of the Superseding Indictment.

The time between the Arraignment on the Superseding Indictment, and the filing of the Defendant's Motion to Dismiss, a period of fifteen (15) days -- from February 16, 2006, to March 3, 2006 -- is included in the Speedy Trial calculation.  See, United States v. Van Someren, supra at 1219-1220 (counting the sixteen (16) days following the defendant's Arraignment on a Superseding Indictment in the Speedy Trial calculation); see also, United States v. Long, 900 F.2d 1270, 1275 (8th Cir. 1990)("The return of a superseding indictment did not re-start the 70-day clock").  Furthermore,

- 13 -

the time under which this Motion is under advisement, or in which supplemental materials have been requested, is also excluded from the Speedy Trial computation. See, United States v. Blankenship, 67 F.3d 673 (8th Cir. 1995) (excluding the time, pursuant to Title 18 U.S.C. §§§3161(h)(1)(F) and (J), for the period encompassing the filing of supplemental materials, and the time by which the motion was "under advisement" by both the magistrate and district judges, for up to thirty (30) days for each judge).

Accordingly, we find that the sum of countable days, prior to the Defendant filing his Motion to Dismiss, is only equal to fifty-nine (59) days, which is well under the seventy (70) days allowed under the Speedy Trial Act. Accordingly, the Defendant's Motion to Dismiss should be denied. However, in the interests of completeness, we address whether any violation of the Speedy Trial Act -- if we presumed for argument's sake that a violation occurred, would warrant a dismissal with prejudice.

2.    Whether, If a Violation Occurred, Any
      Dismissal Should Be With Prejudice.

We begin our analysis by noting that the Government did file a

Superseding Indictment on February 7, 2006, prior to the expiration of the seventy

(70) day period, when only forty-four (44) countable days had elapsed on the Speedy

Trial clock.  We also note that the Superseding Indictment alleged the same Count of

Illegal Possession of a Handgun, as had been alleged in the initial Indictment, in

addition to a new Count that charges the Defendant with an Illegal Possession of a

Short-Barreled Rifle.  See, Superseding Indictment.

Our analysis, as to whether the dismissal of the initial Indictment -- assuming a

violation of the Speedy Trial Act had been proven under the circumstances here --

should be with prejudice, is guided by the factors listed in Title 18 U.S.C. §3162(a)

(2), as well as the presence of prejudice.  United States v. Becerra, supra at 935 ("In

addition to the factors listed in [Section 3162(a)(2)], a district court should consider

the presence or absence of prejudice to the defendant resulting from the violation of

the Act.") citing United States v. Taylor, 487 U.S. 326, 334 (1988).  Accordingly, we

address each factor in turn.

1.   <u>Seriousness of the Offense</u>.  The Government contends that the possession of illegal firearms "poses a serious threat to public safety."   See, <u>Government's Memorandum in Response to Defendant's Motion to Dismiss</u>, at 2. Our Court of Appeals has previously recognized the serious nature of a possession of an illegal firearms offense, and has noted such possession is considered, at least for purposes of the United States Sentencing Guidelines, Section 4B1.2(a), as a crime of violence.  See, <u>United States v. Allegree</u>, 175 F.3d 648, 651 (8th Cir. 1999).   In <u>Allegree</u>, the Court further noted that possession of offensive weapons, such as a sawed-off shotgun, was considered serious because "such weapons are inherently dangerous and lack usefulness except for violent and criminal purposes."  <u>Id.</u>, citing <u>Untied States v. Hayes</u>, 7 F.3d 144, 145 (9th Cir. 1993).  The United States Supreme Court has distinguished between the ownership of certain categories of firearms, and has observed as follows:

> [D]espite their potential for harm, guns generally can be owned in perfect innocence. Of course, we might surely classify certain categories of guns-no doubt including **machineguns**, sawed-off shotguns, and artillery pieces that Congress has subjected to regulation-as items the ownership of which would have the same quasi-suspect character we attributed to owning hand grenades in [United States v.] Freed [,401 U.S. 601 (1971)].

Staples v. United States, 511 U.S. 600, 611-12 (1994)[emphasis added]; see also, United States v. Farrell, 69 F.3d 891, 894 (8th Cir. 1995)(noting that machine guns belonged to a class of quasi-suspect offensive weapons).

While the Defendant contends that the conduct, for which he is charged, did not involve any instance of violence, such an assertion is unavailing.

Other Courts have recognized that the act of "merely possessing" unregistered firearms, which have been determined to be inherently dangerous, even when the possession was not linked to any violent act, is an inherently serious and dangerous act.  See, United States v. Golding, 332 F.3d 838, 842 (5th Cir. 2003), quoting United States v. Jennings, 195 F.3d 795 (5th Cir. 1999)("[T]he primary reason that unregistered possession of these particular weapons is a crime is the virtual inevitability that such possession will result in violence."); United States v. Dwyer, 245 F.3d 1168, 1172 (10th Cir. 2001)("[P]ossession of an unregistered weapon is not akin to 'simple' possession," and "the statute making possession of an unregistered weapon illegal is targeted at specific weapons deemed to be particularly dangerous."); United States v. Dunlop, 209 F.3d 472, 478 n.12 (6th Cir. 2000)("These weapons [including machine guns], by their very nature, were extremely dangerous and served virtually no purpose other than furtherance of illegal activity.")[emphasis omitted].

We further note that the potential penalty for a violation of Section 5861 is a ten (10) year term of imprisonment, see, Title 26 U.S.C. §5871, which the United States Supreme Court has characterized as "harsh."  See, Staples v. United States, supra at 615.  Given the inherent dangerousness of the regulated offensive weapon at issue in this case, namely a Sten Mark I machine gun, and the resulting potential criminal liability for violation of the National Firearms Registration Act, we conclude that the alleged offense is "serious," and we find that this factor weighs in favor of a dismissal without prejudice, if a dismissal were warranted.

2.     Facts and Circumstances that Led to the Dismissal.  "Where a violation of the [Speedy Trial] Act is substantial, the government's negligent failure to comply with the Act may justify dismissal with prejudice."  United States v. Koory, supra at 847-48, citing  United States v. Taylor, 487 U.S. 326, 336-37 (1988), and United States v. Russo, 741 F.2d 1264, 1267-68 (11ᵗʰ Cir. 1984).  However, "[t]he circumstances do not favor dismissal with prejudice * * * where there is no showing that the claimed negligence was in reality an attempt to obtain a tactical advantage for the government or that the government regularly or frequently failed to meet the time limits of the Act."  Id. at 848, citing United States v. Kramer, supra at 1177.

- 18 -

Here, the Defendant claims that "there was no good reason to seek a superseding indictment," and that "[i]t was done to postpone the trial to accommodate government counsel."   See, <u>Defendant's Reply Memorandum to Government's Response to Defendant's Motion to Dismiss</u>, at 2.  The Government has represented that the assigned Assistant United States Attorney ("AUSA") was engaged in another Trial that extended from January 30, 2006, through February 6, 2006, and has asserted that there was no intentional act of pattern of misconduct on behalf of the Government to deny the Defendant his right to a Speedy Trial.  See, <u>Government's Memorandum in Response to Defendant's Motion to Dismiss</u>, at 3.

Other than the Defendant's conclusory claim that the Superseding Indictment was an attempt to obtain a continuance, so as to allow the AUSA to prosecute a different criminal matter, the Defendant has not made any showing that the Government obtained a tactical advantage in the prosecution of this case, or that the Government has engaged in a habit of delaying defendants from their right to resolve this matter consistent with the Right to a Speedy Trial Act.

Furthermore, we note that the facts and circumstances of this case reveal that the Government did not attempt to improperly delay the Trial.  Even if the Defendant had proven a Speedy Trial violation, at most, the Speedy Trial clock would have been

exceeded by eleven (11) days.  We conclude that such an excess in days is not so egregious as to warrant a dismissal with prejudice.  See, <u>United States v. Becerra</u>, supra at 937 (finding that delay of no more than a week did not favor dismissal with prejudice); <u>United States v. Koory</u>, supra at 848 (finding fifty-nine (59) day delay did not warrant dismissal with prejudice); <u>United States v. Kramer</u>, supra at 1177-79 (forty-nine (49) day allowed in dismissal without prejudice).  Accordingly, we find that the facts and circumstances do not justify a dismissal with prejudice.

3.    <u>Impact of Reprosecution on the Administration of this Chapter and on the Administration of Justice</u>.  The Defendant contends that allowing the dismissal to be without prejudice would "neutralize whatever catalyzing effect the [Speedy Trial] Act might have on the all too patient pace of the criminal justice system," and that, "[i]f the Act is to have its intended effect, to protect the rights of defendants and to promote the interest of society in the prompt disposition of criminal cases, its sanctions must be taken seriously." <u>Defendant's Reply Memorandum to Government's Response to Defendant's Motion to Dismiss</u>, quoting <u>United States v. Angelini</u>, 553 F. Supp. 367, 371 (D. Mass. 1982).

However, we note that the case has not gone to Trial.  Under similar circumstances, in <u>United States v. Koory</u>, supra, the defendant claimed that the

dismissal of an original Indictment should be with prejudice, which would discourage the Government from violating the dictates of the Speedy Trial Act, and would positively impact the burdens that are placed upon the district court's criminal docket. Id. at 849.  However, the District Court concluded that any adverse impact on the administration of justice would be minimal, as the case had not been tried, and the Pretrial Motions had all been heard and decided.  The very same may be said here, as the Defendant has not been tried on any of the Counts, and his other Pretrial Motions have all been decided.  Therefore, we conclude that the impact on the administration of justice is negligible, and does not require that any dismissal with prejudice be imposed, even if we found the Speedy Trial Act had been violated, which we do not.

        4.     <u>Presence or Absence of Prejudice</u>.  Here, the Government has represented that "the [D]efendant has been out of custody throughout the prosecution and his physical movements have not been severely limited." <u>Government's Memorandum in Response to Defendant's Motion to Dismiss</u>, at 3. Notably, the Defendant has not advanced any cogent showing of prejudice that has resulted from the filing of the Superseding Indictment, or the postponement of his Trial until April 17, 2006.  The only adverse impact, that arises from the Superseding Indictment, is that the Defendant now confronts two Counts instead of one, together

with a potential forfeiture of some property.   However, as we have noted, the Superseding Indictment  was returned prior to the expiration of the seventy (70) days provided by the Speedy Trial Act.   Our Court of Appeals has observed, as follows, when a dismissal with prejudice is appropriate:

> Cases in which prejudice to the defendant from a violation of the Act arises from the defendant's impaired ability to defend against the charges (for example, where witnesses have disappeared or evidence has been destroyed), [or when] the prejudice from reprosecution * * * would be limited to the government's ability to pursue a greater charge, with a greater statutory penalty, that was not available within the speedy trial period.

United States v. Becerra, supra at 935.

None of those prejudicial circumstances have been demonstrated to have occurred here, and accordingly, we find that the absence of prejudice to the Defendant counsels that any dismissal should be without prejudice.   Therefore, even if we found a violation of the Speedy Trial Act, we would recommend that a dismissal without prejudice should be entered.   Since we have found no such violation, the District Court need not address the nature of any dismissal, unless that Court finds such a violation to have occurred.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendant's Motion to Dismiss the Superseding Indictment, with Prejudice [Docket No. 37] be denied.

Dated:  March 30, 2006

s/Raymond L. Erickson

Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 45(a), Federal Rules of Criminal Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 14, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 14, 2006**, unless all interested parties

- 23 -

stipulate that the District Court is not required by Title 28 U.S.C.  §636 to review the

transcript in order to resolve all of the objections made.