# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-369(1) (DWF/RLE) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Timothy Joseph Goodman, | |
| Defendant. | |

Clifford B. Wardlaw, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Brian N. Toder, Esq., Chestnut & Cambronne, PA, counsel for Defendant.

This matter is before the Court upon Defendant's objections to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated March 30, 2006, recommending that the Defendant's motion to dismiss the superseding indictment, with prejudice, be denied.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

Based upon the *de novo* review of the record, all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.  Defendant Timothy Joseph Goodman's objections (Doc. No. 50) to Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated March 30, 2006, are **DENIED**.

2.  Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation dated March 30, 2006 (Doc. No. 49), is **ADOPTED**.

3.  Defendant Timothy Joseph Goodman's motion to dismiss the superseding indictment, with prejudice (Doc. No. 37) is **DENIED**.


Dated:  April 27, 2006            s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  Judge of United States District Court


## MEMORANDUM

Defendant's counsel has focused its argument on the proper treatment of the time spent on plea negotiations in the context of a speedy trial calculation, given the Eighth Circuit's holding in *United States v. N. Van Someren*, 118 F.3d 1214 (8th Cir. 1997).  It is true, as asserted by the Defendant, that the plea agreement in question in *N. Van Someren* was presented to the court.  Here, however, there is no question that the plea agreement was

never before the Court and therefore the exclusion contemplated by Title 18 United States Code § 3161(h)(1)(I) is inapplicable. But, as noted in *N. Van Someren*, other courts have concluded that the period during which plea negotiations have been conducted should not be counted for purposes of the Speedy Trial Act. *United States v. Fields*, 39 F.3d 439, 445 (3d. Cir. 1984) (noting that time spent on plea negotiations, in appropriate circumstances, is excludable from the Speedy Trial calculation); *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987) ("negotiating a plea bargain could be considered a proceeding other than trial, or preparation for trial, that qualifies for the exclusion") (citing *United States v. Goodwin*, 612 F.3d 1103, 1105 (8th Cir. 1980)); *United States v. Bowers*, 834 F.2d 607 (6th Cir. 1987) (noting that the bargaining process encompassed in plea negotiations was a "delaying circumstance . . . that ought not be charged to the government").

Significantly, as observed by Chief Magistrate Judge Erickson, in all of these cited cases, a finalized plea agreement was never presented to a court, and yet the time period, which encompassed those negotiations, was still found to be excludable from the Speedy Trial computation. Consistent with Chief Magistrate Judge Erickson's decision, the Court concludes that the absence of the district court's involvement in a plea negotiation does not result in the inclusion of the plea negotiation in the speedy trial calculation, because any time expended on plea negotiations is considered a "proceeding involving defendant" under § 3161(h)(1). Thus, the Court finds that there will be no and is no "paralyzing chill through our criminal justice system." If a particular prosecutor attempts to utilize such plea negotiation period to abuse the Speedy Trial Act, that is easily rectified by defense counsel

or a trial judge. The system does not and would not tolerate such an abuse, deliberate or otherwise, by the prosecuting authority. In fact, this Court is unaware of such abuses occurring in the criminal justice system. Finally, even assuming a violation occurred, as the Report and Recommendation did, this Court would not hesitate to issue a dismissal without prejudice.

The analysis in the Report and Recommendation is consistent with applicable law and does not compromise the interests of justice or the public interest based upon the facts and circumstances before this Court. For these reasons, the Court has denied the objections of the Defendant, adopted the Report of Recommendation of Chief Judge Raymond L. Erickson dated March 30, 2006, and denied Defendant's motion to dismiss the superseding indictment with prejudice.

D.W.F.