## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 05-369(1) (DWF/RLE)

          Plaintiff,

v.                                                           **ORDER AND MEMORANDUM**

Timothy Joseph Goodman,

          Defendant.

---

Michael A. Dees, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Brian N. Toder, Esq., Chestnut & Cambronne, PA, counsel for Defendant.

---

The above-entitled matter is before the Court upon Defendant Timothy Joseph Goodman's Motion for New Trial Based on Newly-Discovered Evidence pursuant to Rule 33(b)(1) of the Federal Rules of Criminal Procedure. The Government opposes the motion in all respects.

Based upon the written submissions of the parties, the Court having reviewed the file in this matter, including its extensive procedural history, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant's motion for a new trial is **GRANTED.**

Dated:  August 6, 2007          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                Judge of United States District Court

**MEMORANDUM**

**BACKGROUND**

On November 10, 2005, Defendant was charged with illegal possession of a machine gun and illegal possession of a short-barreled rifle. Defendant's trial began on June 26, 2006.

Prior to trial, Defendant requested that the Government turn over all *Jencks*[1] materials. The Government did not turn over a DVD interview of Paul Swan, Sr. ("Swan DVD"), a witness for the Government. Also, prior to trial, there existed some confusion over the availability of a Government witness, Nate Pearlson, whose deposition the Government used at trial. Defendant alleged that the Government mislead him about Mr. Pearlson's availability for trial.

---

1       Under the Jencks Act, 18 U.S.C. § 3500, witnesses' statements, including reports prepared by testifying officers, must be turned over to the defense after the witness testifies on direct. In this Circuit, the government is not required to disclose Jencks Act material prior to the direct examination of the witness to whom the material pertains. *See United States v. Green*, 151 F.3d 111, 1115 (8th Cir. 1998). At paragraph 4 of Chief Magistrate Judge Erickson's order filed on December 14, 2005, Chief Magistrate Judge Erickson observed the Government had agreed to disclose its Jencks Act material by no
(Footnote Continued on Next Page)

On the first day of trial, June 26, 2006, Defendant filed a written motion *in limine* seeking to exclude evidence of his marijuana use and a Hennepin County disorderly conduct charge that was disclosed on a DVD of his in-custody recorded statement to police, Government's Exhibit 10 ("Exhibit 10"). The Court granted Defendant's motion. On June 26, 2006, the Government offered, and the Court received, Exhibit 10, which the Government played at trial. While the DVD played at trial, "white noise" displaced the excluded evidence in order to effectuate the Court's ruling. (Decl. of Brian N. Toder in Supp. of Def.'s Mot. for New Trial Based on Newly-Discovered Evidence of 1/18/07, at 2.) When the DVD was played at trial, the Government, with the approval of the Court, gave the jurors a redacted transcript of Exhibit 10 to aid the jury in listening to the DVD.

During the trial, the prosecutor asked Defendant's grandmother if she was aware of whether Defendant had been charged with an offense. A sidebar followed, after which the Court directed the prosecutor to abandon this line of questioning.

Exhibit 10 was given to the jurors during deliberations. Defendant's counsel assumed, as did the Court, that Exhibit 10 provided to the jury included the same "white noise" as did the recorded statement played during the trial in order to abide by the Court's order.

---

(Footnote Continued From Previous Page)
later than three business days before trial. In that context, the Chief Magistrate Judge Erickson granted the motion, subject to the three-day limitation.

On June 28, 2006, the jury convicted Defendant on Count 1, illegal possession of a machine gun. The jury returned a not-guilty verdict on Count 2, possession of a short-barreled rifle.

Subsequent to Defendant's conviction, it occurred to Defendant's counsel that the "white noise" redacting the excluded evidence may have been from a source other than the DVD, and thus, not present on the Exhibit 10 that went to the jury room during deliberations. Defendant's counsel wrote to Assistant United States Attorney ("AUSA") Clifford Wardlaw on July 13, 2006, inquiring whether the "white noise" was present on Exhibit 10 as given to the jury and requesting to view it. The Government said that it did not know where Exhibit 10 was.

Facing the deadline for post-trial motions, Defendant's counsel filed a motion for a new trial on July 17, 2006. The grounds for this motion were: prosecutorial misconduct resulting from the prosecutor's question to Defendant's grandmother; the Government allegedly misleading Defendant about Mr. Pearlson's availability for trial; and an alleged violation of the *Jencks* Act for failing to turn over the Swan DVD as ordered by the Magistrate Judge three days prior to trial. (Def.'s Mot. for New Trial of 7/17/06.)

The Court denied Defendant's motion for a new trial on December 18, 2006, finding that: (1) the prosecutor's question was improper, but when viewed in the context of the entire trial, and what occurred immediately before the question and after, there was no likelihood that the inquiry influenced in any way the verdict in the case; (2) the Government's refusal to turn over the Swan DVD violated the Jencks Act and Rule 26.2,

but did not prejudice Defendant; and (3) there was no prosecutorial misconduct involved in the confusion over Mr. Pearlson's availability for trial. (Order and Mem. of 12/18/2006.) Alternatively, the Court held that even viewing the three incidents noted above cumulatively, and in the light most favorable to the Defendant, the Court concluded that the Defendant received a fair trial from a fair and impartial jury, and that the interests of justice did not require or otherwise obligate the Court to grant the Defendant's motion for a new trial.

Nonetheless, for seven months after the jury's verdict, Defendant's counsel persisted in trying to obtain Exhibit 10 from the Government. On January 17, 2007, the Government gave Defendant's counsel Exhibit 10. Upon viewing it, Defendant's counsel learned that the Government had not redacted the excluded evidence on Exhibit 10 that was provided to the jury and thus, had violated the Court's order. Defendant now brings a second motion for a new trial based upon newly-discovered evidence and the prosecutorial misconduct associated with the newly-discovered evidence, alleging that the interests of justice require this Court to vacate the verdict rendered in this case and grant a new trial.

**DISCUSSION**

**I.   Newly-Discovered Evidence**

Defendant moves the Court for a new trial pursuant to Federal Rule of Criminal Procedure 33 based on newly-discovered evidence. He alleges that the unredacted nature of Exhibit 10, which provided the jury with excluded evidence, is newly-discovered evidence under Federal Rule of Criminal Procedure 33(b)(1). The Government responds that: (1) Defendant's motion is untimely; and 2) even if the Court finds his motion to be timely, it fails on the merits.

Federal Rule of Criminal Procedure 33(b)(1) permits a motion for a new trial based on newly-discovered evidence within three years of the verdict. Thus, if the Court finds the unredacted nature of Exhibit 10 to be new evidence, Defendant's motion is timely and the Court has jurisdiction to grant his motion. Fed. R. Crim. P. 33 advisory comm. note.

For the unredacted nature of Exhibit 10 to be new evidence, the Court must find that:

1. the evidence was first discovered after trial;
2. the failure to find the evidence before trial was not due to lack of diligence;
3. the new evidence is material;
4. it is more than cumulative or impeaching; and
5. it is likely to produce an acquittal if the court grants a new trial.

*United States v. Swayze*, 378 F.3d 834, 837 (8th Cir. 2004) (citing *United States v. Dogskin,* 265 F.3d 682, 685 (8th Cir. 2001)). The district court's decision will be reviewed for a clear abuse of discretion. *United States v. Baker*, 479 F.3d 574, 577 (8th Cir. 2007). For purposes of Rule 33, newly-discovered evidence includes "after-

discovered evidence affecting the integrity of the jury's verdict." *Holmes v. United States,* 284 F.2d 716, 720 (4th Cir. 1960).

The Government argues that Defendant's motion fails on the merits because: (1) the unredacted nature of Exhibit 10 cannot be newly-discovered evidence because Defendant was fully aware that the Government did not have time to redact it; (2) consequently, the failure to discover this evidence was due to Defendant's lack of diligence; (3) it is not material because Defendant does not know whether the jury actually listened to it; and (4) this evidence is not likely to produce an acquittal because of the overwhelming evidence of Defendant's guilt.

The Government argues that the unredacted nature of Exhibit 10 cannot be new evidence because it was known prior to the trial's conclusion; thus, the failure to discover it was due to Defendant's lack of diligence because "if it was error for Government #10 [Exhibit 10] to go to the jury, it was simply a mistake by all parties present." (Government's Mem. in Opp'n to Def.'s Mot. for New Trial of 2/14/07 at 7). There is nothing in the record to suggest that the Court or the Defendant was aware that the Government did not have time to redact the DVD. Such redactions are commonplace in civil and criminal trials. At no time was the Court approached about the issue of time prior to Exhibit 10 being sent to the deliberation room along with all of the other exhibits in the case. Moreover, the Court rejects the contention that Defendant had a duty to screen exhibits to ensure that they complied with the Court's orders. *See Osborne v. United States*, 351 F.2d 111, 116-17 (8th Cir. 1965) (rejecting Government's argument

that defendant waived his right to a new trial where a highly prejudicial grand jury transcript was sent to the jury because the court did not impose a duty on defendant to screen the exhibits nor did defendant's counsel intentionally leave the transcript among the exhibits).  Likewise, there is no evidence that Defendant's counsel intentionally allowed Exhibit 10 to go to the jury.  In fact, Defendant's counsel states that it did not occur to him until after trial that the "white noise" redacting the excluded evidence may have come from a source other than the DVD and thus, would not have been present when Exhibit 10 was sent to the jury.  (Decl. of Brian N. Toder of 1/18/07 at 2.)  Further, the Federal Rules of Criminal Procedure do not impose a duty on Defendant's counsel to screen the Government's exhibits to ensure that the Government follows the Court's orders.

The Court finds that the evidence of Defendant's prior marijuana use and disorderly conduct charge is material to his conviction.  In order to prove that Defendant unlawfully possessed a machine gun, the Government had to show that:  (1) he possessed a machine gun; and (2) he did so *knowingly*.  *United States v. Farrell,* 69 F.3d 891, 893 (8th Cir. 1995).  The excluded evidence of Defendant's prior criminal activities characterized him as a criminal, provoking the assumption that criminals would certainly know whether a gun was a machine gun or not.  Thus, the excluded evidence likely contributed to the jury's finding of Defendant's knowledge and guilt and was material to his conviction.

Moreover, Defendant asserts that the newly discovered evidence in question—an unredacted Exhibit 10 being sent to the jury room—is further evidence of prosecutorial misconduct, inadvertent or otherwise, not known to the Court or defense counsel at the time that the Defendant brought his first motion for a new trial.

The Court finds that the unredacted nature of Exhibit 10 is new evidence for purposes of Defendant's motion for new trial based on newly-discovered evidence. Thus, the Court has jurisdiction to consider Defendant's motion.

## II.     Grounds for Granting Defendant's Motion

The Court finds that the jury's receipt of what was thought to be the redacted Exhibit 10, rather than the unredacted Exhibit 10 which involved the evidence of Defendant's prior criminal conduct that had been excluded by order of the Court, standing by itself, prejudicially affected Defendant's substantial rights, and, in so doing, deprived the Defendant of a fair trial. The interests of justice, therefore, require this Court to grant Defendant's motion for a new trial to prevent manifest injustice to the Defendant. *United States v. Lincoln*, 630 F.2d 1313 (8th Cir. 1980); *United States v. Lacey*, 219 F.3d 779 (8th Cir. 2000); *United States v. Espinosa*, 300 F.3d 981 (8th Cir. 2002).

Alternatively, the Court finds that the interests of justice require a new trial given the cumulative effect of the unredacted version of Exhibit 10 being provided to the jury, the prosecution's improper questioning of the grandmother, and the Government's violation of the Jencks Act and Rule 26.2. Cumulatively, these acts deprived the

Defendant of a fair trial.  *See* Fed. R. Crim. P. 33(b)(1) (allowing the court to grant a motion for a new trial if the interests of justice so require).

### A.  Prejudicial Error

It is error for a jury to receive an exhibit not received into evidence.  *Osborne*, 351 F.2d at 115 (citing *Sawyer v. United States*, 303 F.2d 392, 395 (D.C. Cir. 1962); *United States v. Grady*, 185 F.2d 273 (7th Cir. 1950); and *United States v. Douglas*, 155 F.2d 894, 896 (7th Cir. 1946)).  Placing evidence of other crimes committed by Defendant before the jury constitutes prejudicial error.  *Id.* at 117-18 (citing *Marshall v. United States,* 360 U.S. 310, 313 (1959); and *Kraft v. United States*, 238 F.2d 794, 801-802 (8th Cir. 1956)).  "The error is prejudicial unless the reviewing court can say with fair assurance that the judgment of the jury was not swayed by the error."  *Kotteakos, et al. v. United States*, 328 U.S. 750, 765 (1946).  If the court determines "that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand."  *Id.* at 764-65.  A finding of prejudicial error is grounds for granting a new trial.  *Id.* at 119.

In *Osborne,* a grand jury transcript, which was not offered or admitted into evidence, was erroneously given to the jury.  *Id.* at 115.  The transcript included Defendant's prior criminal activity and implicated him in the crime charged.  *Id.*  The Eighth Circuit reversed the District Court's denial of defendant's motion for a new trial, finding that the jury's receipt of the transcript was highly prejudicial error that "blacken[ed] his character and show[ed] him to be guilty of other crimes."  *Id.* at 118.

The Eighth Circuit made this finding of prejudicial error despite no evidence that the jury actually reviewed the prejudicial evidence, because "it was likely the one [of all the exhibits] to arouse the curiosity of the jury and attract their attention" due to the secrecy surrounding it at trial. *Id.* at 119.

Although the Court received Exhibit 10 into evidence, it excluded the evidence within that exhibit of Defendant's disorderly conduct charge and prior marijuana use. Thus, the jury's receipt of the unredacted DVD that contained evidence that was never admitted into evidence by the Court was error. As noted earlier, the unredacted nature of Exhibit 10 provided evidence of other crimes of Defendant and thus, it was prejudicial error for the jury to receive it. (Order and Mem. of 12/18/2006, at 2-4.) Like the grand jury transcript in *Osborne,* this excluded evidence damaged Defendant's character with unfair prejudice, showed him to be guilty of other crimes, and in doing so, weakened his defense that he did not know that the gun in his possession was a machine gun. Here, the Court cannot say with fair assurance that the error did not affect the jury's verdict and therefore finds that the jury's receipt of the unredacted Exhibit 10 was prejudicial error.

**B.     Prosecutorial Misconduct**

A court may grant a new trial because of prosecutorial misconduct. *United States v. Shan Wei Yu*, 484 F.3d 979, 986 (8th Cir. 2007). To do so, a court must find that: (1) "the prosecutor's remarks were improper"; and (2) "they prejudicially affected Defendant's substantial rights." *Id.* (citing *United States v. Beckman*, 222 F.3d 512, 526 (8th Cir. 2000)). To determine the prejudicial effect of the remark, the court considers "(1) the cumulative effect of the misconduct[;] (2) the strength of the properly admitted evidence of Defendant's guilt[;] and (3) the curative actions taken by the trial court." *Shan Wei Yu*, 383 F.3d at 986. In determining the cumulative effect of the remarks and the evidence received, the court considers the probable effect that the remarks had on the jury's ability to judge the evidence fairly. *United States v. Young*, 470 U.S. 1, 11 (1985). Inappropriate comments standing alone will not justify reversing a criminal conviction; rather, "the remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error." *Id.*

Here, the Court finds that the submission to the jury of an unredacted Exhibit 10, by itself, prejudicially affected Defendant's ability to receive a fair trial from a fair and impartial jury. Alternatively, when that submission of improper evidence to the jury is viewed cumulatively with the prosecutor's question to Defendant's grandmother about his prior offenses, in violation of the Court's *in limine* ruling, applying the three *Beckman* factors, the Defendant's right to a fair trial was prejudicially affected. The interests of justice require this Court to grant Defendant a new trial.

**CONCLUSION**

For these reasons, the Court grants Defendant's motion for a new trial. The interests of justice require this Court to vacate the verdict rendered in this case by the jury to prevent a manifest injustice.

D.W.F.